**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
        chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **James Bolen**, <br><br> Plaintiff, <br><br> vs. <br><br> **Syler Transport LLC**, an Arizona limited liability company; and **Leo Mocanu and Luana Mocanu**, a married couple, <br><br> Defendants. | No. <br><br> **VERIFIED COMPLAINT** |

Plaintiff, James Bolen ("Plaintiff" or "James Bolen"), sues the Defendants, Syler Transport LLC, and Leo Mocanu and Luana Mocanu, ("Defendants" or "Syler Transport") and alleges as follows:

**PRELIMINARY STATEMENT**

1.     This is an action for unpaid minimum wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., unpaid minimum wages under the Arizona Minimum Wage Act

-1-

("AMWA"), Arizona Revised Statutes ("A.R.S.") Title 23, Chapter 2, Article 8; and unpaid wages under the Arizona Wage Act ("AWA") A.R.S. § 23-350, et seq.

2.    The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks. See 29 U.S.C. § 206(a). Under the FLSA, employers must pay all non-exempt employees an overtime rate of pay for all time spent working in excess of 40 hours in a given workweek. See 29 U.S.C. § 207(a).

3.    Plaintiff brings this action against Defendants for their unlawful failure to pay minimum wage in violation of the Fair Labor Standards Act, 29 U.S.C. § 201-219 ("FLSA").

4.    Plaintiff brings this action against Defendants for their unlawful failure to pay minimum wage in violation of the AMWA, A.R.S. § 23-362, et seq.

5.    Plaintiff brings this action against Defendants for their unlawful failure to pay all wages due and owing in violation of the AWA, A.R.S. § 23-350, et seq.

6.    This is an action for unpaid wages, liquidated damages, interest, attorneys' fees, and costs under the FLSA and minimum wages under the AMWA.

7.    The AMWA, A.R.S § 23-363, et seq., establishes a minimum wage within the State of Arizona.

8.    The AWA, A.R.S. § 23-350, et seq., establishes standards for wage payments to employees within the State of Arizona.

**JURISDICTION AND VENUE**

9.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States.  This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

10.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

**PARTIES**

11.     At all times material to the matters alleged in this Complaint, Plaintiff was an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

12.     At all material times, Defendant Syler Transport LLC is a limited liability company duly licensed to transact business in the State of Arizona.  At all material times, Defendant Syler Transport LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

13.     At all relevant times, Defendant Syler Transport LLC owned and operated as "Syler Transport," a transportation and logistics company doing business in Maricopa County, Arizona.

14.     Under the FLSA, Defendant Syler Transport LLC is an employer.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times Defendant Syler Transport LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As a person who acted in the interest of Defendants in relation to Syler Transport's employees, Defendant Syler Transport LLC is subject to liability under the FLSA.

15.     Defendants Leo Mocanu and Luana Mocanu are, upon information and belief, husband and wife.  They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable.  Defendants Leo Mocanu and Luana Mocanu are owners of Syler Transport and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

16.     Under the FLSA, Defendants Leo Mocanu and Luana Mocanu are employers.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendants Leo Mocanu and Luana Mocanu had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As persons who acted in the interest of

-4-

Defendants in relation to Syler Transport's employees, Defendants Leo Mocanu and Luana Mocanu are subject to individual liability under the FLSA.

17. Plaintiff is further informed, believes, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

18. Defendants, and each of them, are sued in both their individual and corporate capacities.

19. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

20. At all relevant times, Plaintiff was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

21. The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

22. At all relevant times, Defendants were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

23. The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendants.

24. At all relevant times, Plaintiff was an "employee" of Defendants as defined by A.R.S. § 23-362.

25. At all relevant times, Defendants were and continue to be "employers" of Plaintiff as defined by A.R.S. § 23-362.

26. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

27. On information and belief, Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2023.

28. On information and belief, Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2024.

29. At all relevant times, Plaintiff, in his work for Defendants, was engaged in commerce or the production of goods for commerce.

30. At all relevant times, Plaintiff, in his work for Defendants, was engaged in interstate commerce.

31. Plaintiff, in his work for Defendant, regularly handled goods produced or transported in interstate commerce.

## FACTUAL ALLEGATIONS

32. Defendants own and/or operate as Syler Trasnport, a transportation and logistics company doing business in Maricopa County, Arizona.

33. In or around 2020 Plaintiff began working for Defendants as a route driver.

34. At all relevant times, in his work for Defendants, Plaintiff was compensated, or supposed to be compensated, at an hourly rate of approximately $32.

35. Rather than classify Plaintiff as an employee, Defendants classified him as an independent contractor.

-6-

36. Despite Defendants having misclassified Plaintiff as an independent contractor, Plaintiff was actually an employee, as defined by the FLSA, 29 U.S.C. § 201 et seq.

37. Defendants controlled Plaintiff's schedules.

38. In his work for Defendants, Plaintiff used equipment owned by Defendants.

39. At all relevant times, Plaintiff was economically dependent on Defendants.

40. The following further demonstrate that Plaintiff was an employee:

a. Defendants had the exclusive right to hire and fire Plaintiff;

b. Defendants set Plaintiff's work schedule;

c. Defendants set Plaintiff's rate of pay and unilaterally reduced it from approximately $35 per hour to $32 per hour;

d. Defendants supervised Plaintiff and subjected him to Defendants' rules;

e. Plaintiff had no opportunity for profit or loss in the business;

f. The services rendered by Plaintiff in his work for Defendants were integral to Defendants' business;

g. Plaintiff was hired for a non-durational period, generally working in excess of 40 hours per week for approximately four years;

h. Plaintiff had no right to refuse work assigned to him by Defendants;

i. On information and belief, Defendants did not allow Plaintiff to work for other apartment complex companies.

41.    Plaintiff worked for Defendants through approximately October 2024, when he left his employment with Defendants.

42.    During Plaintiff's employment with Defendants, Plaintiff generally worked approximately between 60 and 70 hours per workweek.

43.    At all relevant times, Plaintiff was paid, or supposed to be paid, on a weekly basis.

44.    Defendants did not compensate Plaintiff any wages whatsoever for approximately six workweeks of his employment with Defendants.

45.    Specifically, on information and belief, Defendants did not pay Plaintiff any wages whatsoever for the workweeks of April 7, 2024; June 18, 2024; June 24, 2024; July 1, 2024; July 21, 2024; and July 28, 2024.

46.    In addition, Defendants regularly and consistently made improper deductions from Plaintiff's wages for expenses that should have been Defendants' responsibility to bear, such as fuel, parts, materials, and equipment.

47.    To date, Defendants still have paid none of the wages due and owing to Plaintiff for such time worked.

48.    To date, Defendants continue to withhold wages from Plaintiff for expenses that should have been Defendants' responsibility to bear, such as fuel, parts, materials, and equipment.

49.    As a result of failing to pay Plaintiff any wages whatsoever for such time, Defendants failed to compensate Plaintiff at least the statutory minimum wage for such hours worked.

-8-

50. As a result of Defendants' failure to compensate Plaintiff at least the statutory minimum wage for such hours worked, Defendants violated 29 U.S.C. § 206(a).

51. As a result of Defendants' failure to compensate Plaintiff at least the statutory minimum wage for such hours worked, Defendants violated the AMWA, A.R.S. § 23-363.

52. As a result of Defendants' failure to compensate Plaintiff all wages due and owing for such hours worked, Defendants violated the AWA, A.R.S., § 23-351.

53. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

54. Plaintiff is a covered employee within the meaning of the FLSA.

55. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

56. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid minimum wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

57. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal to twice the unpaid minimum wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under A.R.S § 23-363.

58. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages at an hourly rate, to be proven at trial,

in an amount that is treble the amount of the unpaid wages, plus interest thereon, and costs incurred under A.R.S. § 23-355.

### <u>COUNT ONE: FAIR LABOR STANDARDS ACT</u><br><u>FAILURE TO PAY MINIMUM WAGE</u>

59. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

60. As a result of failing to compensate Plaintiff any wages whatsoever for approximately six workweeks of his employment with Defendants, Defendants failed or refused to pay Plaintiff the FLSA-mandated minimum wage.

61. As a result of Defendants' failure to pay Plaintiff any wage whatsoever for such time worked, Defendants failed and/or refused to pay Plaintiff the applicable minimum wage for such hours worked, in violation of 29 U.S.C. § 206.

62. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, James Bolen, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendants violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a) by failing to pay proper minimum wages;

B. For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C.    For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D.    For the Court to award prejudgment and post-judgment interest;

E.    For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F.    Such other relief as this Court shall deem just and proper.

**COUNT TWO: ARIZONA MINIMUM WAGE ACT**
**FAILURE TO PAY MINIMUM WAGE**

63.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

64.    As a result of failing to compensate Plaintiff any wages whatsoever for approximately six workweeks of his employment with Defendants, Defendants failed or refused to pay Plaintiff the Arizona-mandated minimum wage.

65.    As a result of failing to compensate Plaintiff any wages whatsoever for such time, Defendants failed and/or refused to pay Plaintiff the applicable minimum wage for such hours worked, in violation of A.R.S. § 23-363.

66.    Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to twice the underpaid wages as liquidated damages, together with interest, reasonable attorney's fees, and costs.

-11-

**WHEREFORE**, Plaintiff, James Bolen, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.  For the Court to declare and find that the Defendants violated minimum wage provisions of the AMWA, ARS § 23-363, by failing to pay proper minimum wages;

B.  For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C.  For the Court to award compensatory damages, including liquidated damages pursuant to A.R.S. § 23-364, to be determined at trial;

D.  For the Court to award prejudgment and post-judgment interest;

E.  For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to A.R.S. § 23-364 and all other causes of action set forth herein;

F.  Such other relief as this Court shall deem just and proper.

<u>**COUNT THREE: ARIZONA WAGE ACT**</u>
<u>**FAILURE TO PAY WAGES DUE AND OWING**</u>
<u>**DEFENDANT SYLER TRANSPORT LLC, ONLY**</u>

67.  Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

68.  As a result of the allegations contained herein, Defendant Syler Transport LLC did not compensate Plaintiff wages due and owing to him.

69.  Defendant Syler Transport LLC engaged in such conduct in direct violation of A.R.S. § 23-350.

70.    Defendant Syler Transport LLC acted unreasonably and in bad faith in failing to pay Plaintiff the wages due and owing him.

71.    Defendant Syler Transport LLC sought to delay payment without reasonable justification and to defraud Plaintiff of wages earned.

72.    As such, unpaid wages for such time Plaintiff worked are owed to Plaintiff by Syler Transport LLC.

73.    Plaintiff is therefore entitled to compensation for unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of the unpaid wages, plus interest thereon, and the costs incurred.

**WHEREFORE**, Plaintiff, James Bolen, requests that this Court grant the following relief in Plaintiff's favor, and against Defendant Syler Transport LLC:

A.    For the Court to declare and find that Defendant Syler Transport LLC violated the unpaid wage provisions of A.R.S. § 23-350, et seq., by failing to pay wages due and owing to Plaintiff;

B.    For the Court to award an amount that is treble Plaintiff's unpaid wages pursuant to A.R.S. § 23-355, in amounts to be determined at trial;

C.    For the Court to award prejudgment and post-judgment interest on any damages awarded;

D.    For the Court to award Plaintiff's reasonable attorneys' fees and costs of the action and all other causes of action set forth in this Complaint; and

E.    Such other relief as this Court deems just and proper.

-13-

## **JURY TRIAL DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 7th day of March, 2025.

BENDAU & BENDAU PLLC

By: /s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II
Christopher J. Bendau
*Attorneys for Plaintiff*

-14-

**VERIFICATION**

Plaintiff, James Bolen, declares under penalty of perjury that he has read the foregoing Verified Complaint and is familiar with the contents thereof.  The matters asserted therein are true and based on his personal knowledge, except as to those matters stated upon information and belief, and, as to those matters, he believes them to be true.

James Bolen (Mar 7, 2025 09:39 MST)
James Bolen

-15-